1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NESTLÉ USA, INC.,                          Case No.  1:19-cv-00176-LJO-BAM

12                   Plaintiff,                  **ORDER VACATING HEARING**

13          v.                                   **ORDER GRANTING PLAINTIFF NESTLE
                                                 USA, INC.'S AND DEFENDANTS
14   MATTHEW CLARK, LAW OFFICES OF              MATTHEW CLARK AND LAW OFFICES
     MARK S. NELSON,                            OF MARK S. NELSON'S JOINT MOTION
15                                               FOR AN EXTENSION OF DISPOSITIVE
                    Defendants.                  MOTION DEADLINE AND PRE-TRIAL
16                                               CONFERENCE**

17                                               (Doc. 23)

18

19

20          Currently pending before the Court is Plaintiff Nestlé USA, Inc. and Defendants Matthew

21   Clark and the Law Offices of Mark S. Nelson (collectively, the "Parties") joint motion for an

22   order (1) extending the deadline for the filing of any dispositive motions from January 24, 2020 to

23   March 24, 2020; and (2) extending the date of the pretrial conference from April 21, 2020 to May

24   21, 2020.  (Doc. No. 23.)  The Court finds the matter suitable for decision without oral argument

25   and the hearing currently set for February 21, 2020, is HEREBY VACATED.  The motion is

26   deemed submitted.[1]  Local Rule 230(g).

27   _____

28   [1]      The Court notes that because the motion was submitted jointly and no party opposes the
     motion, the parties could have submitted the matter as stipulation to continue the relevant

                                                 1

## I.    Background

This action was initiated on February 8, 2019.  (Doc. No. 1.)  On August 1, 2019, the Court issued a Scheduling Order which, in relevant part, set a deadline of January 24, 2020, for dispositive motions, a date of April 21, 2020, for the pretrial conference, and a date of June 23, 2020, for trial.  (Doc. No. 17.)

On January 23, 20202, the parties filed the instant joint motion.  According to the moving papers, since the entry of the Scheduling Order the parties have conducted written discovery and Defendants have been allowed several extensions of time in which to respond to discovery due to difficulties obtaining relevant documents on the status of the disputed settlement funds over which Plaintiff seeks to impose an equitable lien.  Defendants reportedly produced a significant volume of documentation in mid-November 2019, including bank account statements. Following this production, the parties have been in discussions regarding the responses, potential supplementation of those responses and potential resolution of this matter.  (Doc. No. 23 at 3.) The parties represent that in order to facilitate resolution of this matter, they request a brief extension of the disposition and pretrial conference deadlines "to avoid incurring additional attorney's fees and costs which may impede settlement discussions."  (Id. at 3.)  The parties also aver that additional time will allow them to narrow the potential trial issues.  (Id.)

## II.    Discussion

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Generally, settlement discussions do not constitute good cause justifying modification of the pretrial Scheduling Order. See, e.g., Gerawan Farming, Inc. v. Rehrig Pacific Co., No. 11-cv-

deadlines in the Scheduling Order.

01273-LJO-BAM, 2013 WL 1164941, * 4 (E.D. Cal. Mar. 20, 2013). However, in this instance, the Court recognizes that discovery documents were not provided until mid-November 2019, and supplemental discovery responses may be necessary to clarify the status of the disputed funds. The Court therefore will permit the modification requested by the parties.

**III.    Conclusion and Order**

The Court, having read and considered all of the supporting papers submitted by counsel, and good cause appearing therefore, IT IS HEREBY ORDERED as follows:

1.   The Parties' Joint Motion for Extension of Time to File Dispositive Motion is GRANTED;

2.   The January 24, 2020 deadline for the parties to file any pretrial motions, including any dispositive motions, is continued to March 24, 2020;

3.   The Pretrial Conference for this matter is continued from April 21, 2020 to May 21, 2020;

4.   Trial in this action remains set for June 23, 2020. However, as the parties previously were informed, Judge Lawrence J. O'Neill will not be available to conduct the pretrial conference and trial in this matter due to his impending retirement. The parties also have been informed that it is uncertain who the trial judge will be and if and when the case may proceed to trial; and

5.   The parties are cautioned that further modification of the Scheduling Order must be supported by a demonstrated showing of good cause.

IT IS SO ORDERED.

Dated:   __**January 27, 2020**__          _____/s/ *Barbara A. McAuliffe*_____
UNITED STATES MAGISTRATE JUDGE

3